**Opinion filed November 12, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00350-CV

_____

## 1998 BLACK MITSUBISHI 3000 GT, TEXAS LP #811PKJ, VIN JA3AM44H9WY001446, ET AL., Appellants

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 43rd District Court**
**Parker County, Texas**
**Trial Court Cause No. CV12-0542**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a civil forfeiture proceeding brought by the State to obtain forfeiture of twenty-three items of personal property belonging to Jimmy Wayne Mack.[1] Of the twenty-three items, the trial court found that the following

---

[1]Under a docket equalization order, the Supreme Court of Texas transferred this appeal from the Second Court of Appeals to the Eleventh Court of Appeals. As required under TEX. R. APP. P. 41.3, we will decide this case in accordance with the precedent of the Second Court of Appeals.

were contraband under Chapter 59 of the Texas Code of Criminal Procedure[2] and ordered them forfeited: a 1998 Mitsubishi 3000 GT; a 2004 Swift motorcycle; a 1987 Mercedes; an iPhone 4; an AT&T smart phone; a Compaq laptop computer; a Toshiba laptop computer; a Gateway laptop computer; Nikon binoculars; Bushnell binoculars; a Dell Studio laptop computer; a Compaq laptop computer; a night vision scope with case; a Sony portable DVD player; a SolarEdge solar panel; a 6V solar panel; a Royal Sovereign money counter; and an LG surround sound speaker system. The trial court did not find that the following items were contraband: multiple game cameras with solar panel; two Reconyx game cams; two Moultrie game cams; and a Wildgame game cam. *See* CRIM. PROC. art. 59.02. However, on appeal, Appellant abandons his challenge as to the 1998 Mitsubishi automobile. We affirm.[3]

Proceedings to forfeit seized property are civil in nature. *Id.* art. 59.05(b). Neither findings of fact nor conclusions of law were timely requested or filed. When no findings of fact are filed, the appellate court must presume that the trial court made all the necessary findings to support the judgment. *$162,950 in Currency of U.S. v. State*, 911 S.W.2d 528, 529 (Tex. App.—Eastland 1995, writ denied). We will affirm the judgment if it can be upheld on any legal theory that finds support in the evidence. *Id.*

In a forfeiture proceeding, the State must prove by a preponderance of the evidence that the property seized is contraband and, therefore, that the property is subject to forfeiture. CRIM. PROC. arts. 59.02(a), 59.05(b); *$162,950 in Currency of U.S.*, 911 S.W.2d at 529. Contraband is defined as "property of any nature, including

---

[2]TEX. CODE CRIM. PROC. ANN. ch. 59 (West 2006 & Supp. 2014).

[3]On this same day in companion cases, *A 5 Acre Tract of Land and All Improvements Thereupon, Bearing the Address: 1483 Friendship Road, Weatherford, Parker County, Texas 76085 v. State*, No. 11-13-00352-CV, and *2000 Black Ford F-150, Texas License Plate 21LKN5, VIN: 1FTRX18L6YKA80489, et al. v. State*, No. 11-13-00353-CV, we have affirmed the judgments in which Appellant was ordered to forfeit both real and personal property to the State in trial court cause nos. CV12-0976 and CV12-0538.

real, personal, tangible, or intangible, that is used or intended to be used in the commission of any felony under Chapter 481, Health and Safety Code (Texas Controlled Substances Act)." *Id.* art. 59.01(2)(B)(i). The State is not required to prove that a specific crime was committed. *$162,950 in Currency of U.S.*, 911 S.W.2d at 529. "The State must establish, by a preponderance of the evidence, a substantial nexus or connection between the property to be forfeited and the statutorily defined criminal activity." *$574.37 U.S. Coin & Currency v. State*, No. 2-06-434-CV, 2008 WL 623793, at *3 (Tex. App.—Fort Worth Mar. 6, 2008, no pet.) (mem. op.). The State must prove that it is more reasonably probable than not that the seized property was either intended for use in, or derived from, a violation of any offense under the forfeiture statute. *Id.* Facts may be proved by circumstantial evidence, but the proof must raise more than a mere surmise or suspicion regarding the source of the property. *Id.*

To review Appellant's legal sufficiency challenge, we review all of the evidence in the light most favorable to the trial court's judgment and indulge every reasonable inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id.* at 821–22, 827. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the trial court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Id.* at 810.

When we review a factual sufficiency challenge, we consider all of the evidence and uphold the challenged finding unless it is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d

175, 176 (Tex. 1986). But factfinders "are the sole judges of the credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another." *City of Keller*, 168 S.W.3d at 819 (footnote omitted). If the evidence at trial would enable reasonable minds to differ in their conclusions, we do not substitute our judgment, so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822.

Appellant cites both of the standards of review and then argues that there was insufficient evidence to support a judgment that the items ordered to be forfeited were contraband. We disagree. The evidence shows that Appellant was a known drug dealer. He admitted to Deputy Cyrus Crum of the Parker County Sheriff's Office that he had dealt drugs between 2006 and 2012. Additionally, he had pleaded guilty in federal court to conspiracy to distribute and possess with intent to distribute a controlled substance and received a twenty-year prison sentence.

Officer David Bravo of the Weatherford Police Department testified that all twenty-three items were seized from Appellant's home and that it was his belief that the items were either used in the course of the commission of a felony or were proceeds gained from the commission of this felony.

Deputy Crum testified that Appellant confirmed that he had not worked since he worked at Southwest Ford around 2006. Further, there was no indication that Appellant had any other legitimate source of income in recent years. But Deputy Crum found "dope notes" in a red notebook at Appellant's home that contained details showing approximately $95,000 in methamphetamine sales. Additionally, Appellant acknowledges that the evidence was "overwhelming and uncontroverted" that his residence was used in the commission of a felony. We hold that the evidence is legally sufficient to support the trial court's finding that the items seized were contraband.

Appellant highlights Deputy Crum's testimony that Appellant periodically purchased, repaired, and resold cars for a profit; gambled regularly; and frequented game rooms. But there is no evidence that Appellant received income on a regular basis from any of those activities. Appellant also elicited testimony from Officer Bravo that, during the time Appellant was unemployed, it was not possible for him to have had a job for two of those years because he was in prison. We hold that the evidence is also factually sufficient to support the trial court's findings that the items seized and forfeited were contraband. Because the evidence is both legally and factually sufficient to support the judgment of the trial court, we overrule Appellant's sole point of error.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


November 12, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.